UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
RICHARD MCKNIGHT,

            PLAINTIFF,

  -AGAINST-                               **SUMMONS IN**
                                                            **A CIVIL CASE**


1:06-cv-3220
THE CITY OF NEW YORK, POLICE OFFICER
LEE, SHIELD # 2882, AND POLICE OFFICERS JOHN DOE
I, II AND III.

            DEFENDANTS.
-------------------------------------------------------------------------------x

To:    The City of New York
        100 Church Street
        New York, New York 10007

        Police Officer Lee
        Shield # 2882


YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's Attorney

        Robin C. Smith, Esq.
        44 Court Street Suite 917
        Brooklyn, New York 11201

an answer to the complaint which is herewith served upon you, within Twenty Days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____       _____
CLERK                                                    DATE

_____
(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
RICHARD MCKNIGHT,

      PLAINTIFF,

  -AGAINST-                                               **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
LEE, SHIELD # 2882, AND POLICE OFFICERS JOHN DOE     06-CV-3220
I AND II,

      DEFENDANTS.
------------------------------------------------------------------------------x

Plaintiff, Richard McKnight, by his attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. On October 2, 2004, Police Officers Lee and John Doe III arrested Plaintiff without probable cause and held Plaintiff for an excessive period of time. Plaintiff was subjected to an unlawful strip search by Police Officers John Doe I and II.

**JURISDICTION**

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

## PARTIES

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Philidelphia, State of Pennsylvania, residing at 1931 Wharton Street, Philidelphia, PA 19146.

5. During all times relevant to this action, Police Officers Lee and John Doe I, II and III were duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6. During all times relevant to this action, Defendant City of New York (hereinafter "City"), is a municipal corporation incorporated pursuant to the laws of the City and State of New York and the public employer of Police Officers Lee and John Doe I, II and III.

7. At all times relevant to this action, Defendant City operates the New York City Police Department.

## FACTS

8. On October 2, 2004, at approximately 7:40 p.m. in the vicinity of the Pathmark Grocery Store at 111-10 Flatlands Avenue in Brooklyn, Police Officer John Doe III held Plaintiff at gunpoint, searched his body, finding no illicit substance or contraband, and put him into police custody.

9. Plaintiff was at all times acting peacefully and had committed no crime.

10. Without probable cause and without any legal right, Police Officer Lee, while acting within the scope of his authority, intentionally, wrongfully, unlawfully and

maliciously held Plaintiff against his will while he was aware of the confinement for approximately 4 hours.

11. Plaintiff was held against his will while he was aware of the confinement at the 69th Precinct, where Plaintiff was strip searched, photographed and fingerprinted by Police Officers John Doe I and II.

12. Police Officer Lee gave Plaintiff a desk appearance ticket.

13. Plaintiff was arraigned on the charges of Criminal Possession of Marijuana in the Fifth Degree on or about December, 2004.

14. The criminal case against Plaintiff was dismissed on January 25, 2006.

15. As a result of the violation of his Constitutional Rights, Plaintiff suffers from economic and emotional injuries.

### FIRST CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY AND POLICE OFFICERS JOHN DOE II AND LEE

16. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 15.

17. Police Officers John Doe III and Lee had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

18. Police Officers John Doe III and Lee intentionally confined plaintiff for a period of approximately 4 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause.

19. Police Officers John Doe III and Lee in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and

authority as employees of the New York City Police Department and under the color of state and/or local law.

20. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officers John Doe III and Lee in a manner to discourage unlawful arrests, causing Police Officers John Doe III and Lee to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

21. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officers John Doe III and Lee in a manner to discourage unlawful imprisonment, causing Police Officers John Doe III and Lee to unlawfully detain Plaintiff for approximately 4 hours.

22. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officers John Doe III and Lee, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

23. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

24. By reason of their acts and omissions, Defendants John Doe III and Lee, acting under color of state law and within the scope of their authority, in gross and wanton

disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

25. As a result of Defendants John Doe III, Lee and City's conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

26. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted to Plaintiff in the sum of One Hundred Thousand ($100,000.00) Dollars, and the additional and further sum of One Hundred Thousand ($100,000.00), in punitive damages making a total of Two Hundred Thousand ($200,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

### SECOND CAUSE OF ACTION FOR UNLAWFUL STRIP SEARCH IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS CITY OF NEW YORK AND JOHN DOE I AND II

27. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 26.

28. Police Officers John Doe I and II had no individualized reasonable suspicion of concealed weapons or contraband to justify strip-searching Plaintiff.

29. Police Officers John Doe I and II intentionally, without right, privilege or just cause strip-searched Plaintiff.

30. Police Officers John Doe I and II's action of strip-searching Plaintiff without just cause, nor reasonable belief that just cause existed, abused their power and authority as an employees of the City of New York Police Department and under the color of state and/or local law.

31. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officers John Doe I and II, in a manner to discourage unlawful strip searches, thereby failing to adequately discourage further constitutional violations committed by police officers, causing Plaintiff to be strip-searched.

32. As a result of the above described deliberate choices, policies and customs police officers employed by Defendant City of New York, including Police Officers John Doe I and II believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of New York to the constitutional rights of arrestees, and were the cause of violations of Plaintiff's rights alleged herein.

34. By reason of their acts and omissions, Police Officers John Doe I and II while acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable search in violation of the Fourth and Fourteenth Amendments of United States Constitution.

35. As a result of Defendant City of New York's and Police Officers John Doe I and II's conduct, Plaintiff suffered emotional injury causing Plaintiff to experience emotional distress, future emotional distress, lost pay due to Plaintiff's inability to work and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

36. As a result of Defendants acts and omissions Plaintiff has been forced to incur past, present and future medical expenses.

37. As a result of Defendants acts and omissions, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

38. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for past and future medical expenses, emotional distress for the emotional harm inflicted to him in the sum of One Hundred Thousand ($100,000.00), and the additional and further sum of One Hundred Thousand ($100,000.00), in punitive damages making a total of Two Hundred Thousand ($200,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants City, John Doe III and Lee for damages in the amount of Two Hundred Thousand ($200,000.00);

On Plaintiff's Second Cause Of Action against Defendants City and John Doe I and II for damages in the amount of Two Hundred Thousand ($200,000.00);

Together with reasonable counsel fees, the cost and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Brooklyn, New York
April 4, 2006

_____
Robin C. Smith
Attorney for Plaintiff
44 Court Street, Suite 917
Brooklyn, New York 11201
(718) 403-9599

STATE OF NEW YORK
COUNTY OF KINGS

      Richard McKnight being duly sworn does depose and say: He is the Plaintiff in the captioned action; has read the foregoing Complaint and knows its contents and, as to allegations supporting his claim the same is true to his knowledge except as to matters alleged on information and belief and as to those allegations he believes them to be true. The sources of information and bases for his belief include information in possession or under the custody and control of Defendants.

_____
Richard McKnight

Sworn to before me
this \_\_\_ day of _____, 2006


_____
Notary Public